UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MAXWELL KREMER, | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:22-cv-00974 |
| WALMART INC., | ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

This case arises from a series of visits that Maxwell Kremer ("Kremer") made to Walmart Inc.'s ("Walmart") retail stores in Cookeville, Tennessee, between October 7, 2021, and October 7, 2022. Pending before the Court is Walmart's Motion to Dismiss (Doc. No. 17). Kremer, proceeding *pro se*, filed his opposition (Doc. No. 20), and Walmart has replied (Doc. No. 21). Because the pending motion is ripe for decision, the order of referral to the Magistrate Judge (Doc. No. 5) is **VACATED**. For the following reasons, the Court will **GRANT** Walmart's Motion.

I.  **BACKGROUND**[1]

This case arises out of a series of trips to Walmart, between October of 2021 and October of 2022. Kremer was left dissatisfied with his Walmart shopping experience and the products he purchased. (Doc. No. 1-2). He brings eight claims against Walmart: (1) after a Walmart security camera recorded him on a security monitor wearing a t-shirt bearing several of his service marks, Plaintiff alleges infringement because his service marks could "confuse customers" because both

---

[1] The Court relies on the relevant factual allegations from the Complaint (Doc. No. 1-2) and assumes they are true for purposes of ruling on the instant motion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Walmart and Microwavio offer food services and entertainment services; (2) unfair or deceptive acts concerning the marketing of a bag of potato chips with the intent to cause cancer and birth defects; (3) deception by way of mislabeling an orange juice container; (4) deceptive representation of the toxicity of a vinyl tubing product; (5) deception by selling cough drops that are "smaller" than the cough drops depicted on the package; (6) improper display of smoking paraphernalia in an accessible area; (7) selling inappropriate novelty lighters; and (8) theft of property based upon a $1.35 tire recycling fee. (Doc. 1-2 at 16-23). Based on these events, Kremer alleges violations of Tenn. Code Ann. § 47-25-512, Tenn. Code Ann. § 47-18-104, and several Tennessee criminal statutes, (Doc. No. 1-2 at 1–6), and demands $176,900 in compensatory damages and $10,000,000 in punitive damage. (Doc. No. 1-2 at 6).

After Walmart moved to dismiss his complaint for failure to state a claim, Kremer filed a one sentence response: "I oppose Defendant's motion." (Doc. No. 20). He offers no substantive argument against dismissal.

## II. STANDARD OF REVIEW

In considering a motion to dismiss filed under Rule 12(b)(6), the Court must accept as true all the well-pleaded allegations contained in the complaint and construe the complaint in the light most favorable to the Plaintiff. Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). Due to Kremer's *pro se* status, the Court is also required to view his complaint with some measure of a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991).

Although the complaint need not contain detailed factual allegations, there must be enough to show a plausible right to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-61 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a plausible claim for relief, the

alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." Mik v. Federal Home Loan Mortg. Corp., 743 F.3d 149, 157 (6th Cir. 2014) (quoting Iqbal, 556 U.S. at 678). And threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. at 678. The well pleaded factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523,527 (6th Cir. 2007) (citing Twombly, 550 U.S. at 555). The complaint will not "suffice where it tenders 'naked assertions[s]' devoid of 'further factual enhancement." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

### III. ANALYSIS

Though Kremer filed a Response to Walmart's Motion (Doc. No. 20), the filing contains a fatal flaw: it fails to respond to any arguments in the motion (Doc. No. 17). When a plaintiff fails to respond to arguments in a motion, he waives any opposition to that argument. Humphrey v. United States Att'y Gen.'s Office, 279 Fed. Appx. 328, 331 (6th Cir. 2008) (citing Resnick v. Patton, 258 Fed. Appx. 789, 790-91, n.1 (6th Cir. 2007)). Likewise when a Plaintiff has failed to respond to a motion, it is deemed unopposed under Local Rule 7.01(a)(3). Thus, the motion could be granted on this basis alone.

Even if the Court were to consider the merits of Kremer's claim, they would fail as a matter of law. His factual allegations consist of mere labels and conclusions. For example, the following allegations are mere conclusions of law or unsupported factual inferences legally inadequate to state a claim: No. 4 ("The Defendant manufactures and sells misbranded food and adulterated food"); No. 8 ("The Defendant sells smoking paraphernalia not locked behind a display counter"); No. 9 ("The Defendant sells novelty lighters on its website"), and No. 12 ("The Defendant displays

3

the Plaintiff's registered intellectual properties in commerce at its store, without consent from the Plaintiff"). (Doc. 1-2 at 4-12). The other allegations, No.'s 5,6,7,10,11,13,14, and 15 are nothing more than general information concerning Walmart and fail to provide sufficient allegations to support any of his claims. In short, the complaint lacks sufficient factual allegations to support a plausible right to relief. The complaint must be dismissed.

**IV.     CONCLUSION**

For the reasons set forth above, Walmart's Motion to Dismiss (Doc. No. 17) is **GRANTED** and Kremer's claims are **DISMISSED WITH PREJUDICE**. Plaintiff's pending Motions (Doc. Nos. 12, 14, and 16) are **DENIED AS MOOT**.

The Court Clerk shall close this case.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE